IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 12-70612-JAD |
| | : | |
| AMY B. MAHKOVIC, | : | Chapter 13 |
| | : | |
| Debtor. | : | Doc. # 109 |
| _____X | | |

**MEMORANDUM OPINION**

The matter before the Court is a *Letter Dated January 10, 2014* filed by the debtor, Amy B. Mahkovic (the "Debtor"), requesting this Court to reopen her bankruptcy case (the "Letter"). For the reasons set forth more fully below, an order shall be entered that denies the request.

**I.**

The Debtor first filed for Chapter 13 bankruptcy protection on November 20, 2002. (See Case No. 02-32710-JAD). On July 2, 2003, the Debtor's Chapter 13 Plan dated December 3, 2002 was confirmed as modified at a hearing held on July 2, 2003. The Debtor was discharged on March 19, 2009, and Case No. 02-32710-JAD was closed on March 20, 2009.

On June 29, 2012, the Debtor initiated the instant case by filing another Chapter 13 bankruptcy petition. She filed a completed petition and a Chapter 13 Plan on July 23, 2012. (See Doc. ## 13, 14). In her Statement of Financial Affairs, the Debtor disclosed a foreclosure judgment entered against her in the Indiana County Court of Common Pleas, at Case No. 10469-CD 2010, captioned Bank of New York v. Amy B. Mahkovic. (See Doc. # 13, p. 24).

On August 10, 2012, after filing a Chapter 13 Plan dated July 23, 2012, the Debtor's attorney of record at the time, Mr. Brian P. Cavanaugh, Esq. ("Mr. Cavanaugh"), filed a *Motion to Dismiss* (the "Motion to Dimiss") the Debtor's

bankruptcy case, averring that she "no longer desire[d] to be in the within Chapter 13 case." (See Doc. # 25, ¶ 2).  The Motion to Dismiss was granted on September 10, 2012.  (See Doc. # 31).

Although the Motion to Dismiss was signed by Mr. Cavanaugh, the Debtor subsequently filed *pro se* a *Motion to Reconsider Chapter 13* (the "Motion to Reconsider") on September 19, 2012 averring that she "never requested the dismissal" and "[s]omeone pretending to be [her] contacted [her] attorney and made [the dismissal] request." (See Doc. # 34, ¶ 2).  The Debtor's Motion to Reconsider was granted and the dismissal order was vacated on October 18, 2012 (see Doc. # 42), after Mr. Cavanaugh filed a motion to withdraw from the case.  (See Doc. # 38).  Mr. Cavanaugh's involvement was terminated on November 14, 2012.  (See Doc. # 49).

The Bank of New York Mellon, c/o Ocwen Loan Servicing, LLC (the "Bank of New York Mellon"), filed a proof of a claim on December 12, 2012 in the amount of $98,670.22 for a mortgage held by the Bank of New York Mellon on the Debtor's residence located at 133 North Liberty Street, Blairsville, Pennsylvania 15717 (the "Property").  (See Claim No. 8).  The deadline for filing proofs of claims expired on December 17, 2012.  (See Doc. # 16).

On February 15, 2013, the Debtor filed a letter dated the same date disputing the Bank of New York Mellon's claim.  In the letter, the Debtor alleged that Litton Loan Servicing "was the loan company that provided [her] with [her] home equity loan," and that the claim submitted by Litton Loan Servicing in Case No. 02-32710-JAD was "paid and discharged in March 2009." (Doc. # 59, p. 1).  A hearing was held on the letter on April 12, 2013, leading the Court to enter two orders on April 18, 2013: one Order directed the Bank of New York Mellon to provide the Debtor with a copy of its proof of claim and a complete account history of the Debtor's loan from origination to

- 2 -

present (see Doc. # 68); and one Order directed the Clerk's Office to reschedule the § 341 Meeting, further ordering that if the "Debtor and (if Debtor is represented) Debtor's Counsel fail to appear at the rescheduled § 341 Meeting/Confirmation Hearing, then this case WILL BE AND IS DISMISSED without further hearing". (See Doc. # 67) (emphasis in original).

The Bank of New York Mellon filed a *Response to the Debtor's Objection to Proof of Claim #8-1* (the "Response to the Objection") on May 17, 2013, with a copy of its proof of claim, a copy of the note and the mortgage, and a complete loan history attached. (See Doc. # 71). The § 341 Meeting was rescheduled to July 16, 2013 (see Doc. # 72); the Debtor did not appear at the rescheduled § 341 Meeting (see Doc. # 78). Because the Debtor failed to comply with the Order dated April 18, 2013, an Order Dismissing the Case Without Prejudice was entered on July 25, 2013. (See Doc. # 80).

On July 30, 2013, the Debtor filed a letter dated July 29, 2013 requesting that the Court reconsider the dismissal averring that she was unaware of the rescheduled § 341 Meeting. (See Doc. # 84). The Court granted the request to reconsider and vacated the dismissal Order on September 13, 2013. (See Doc. # 90). The § 341 Meeting was rescheduled to and held on October 14, 2013, and then continued to November 26, 2013. (See Doc. ## 91, 95). The continued § 341 Meeting was not held on November 26, 2013 due to the Debtor's late arrival. (See Doc. # 101).

An Order was entered on November 1, 2013 rescheduling the hearing on the Debtor's letter objecting to the claim of the mortgage holder filed at Doc. # 59 to December 16, 2013 (see Doc. # 98); because the Debtor did not attend this hearing, the letter request was stricken for failure to prosecute by Order dated December 16,

2013 (see Doc. # 103). The case was again dismissed without prejudice by Order dated December 16, 2013. (See Doc. # 104).

The Debtor filed the instant Letter on January 10, 2014, requesting that the Court reopen her bankruptcy case to allow her to "continue [her] fight" to keep her home. (Doc. # 109, p. 2). A hearing was held on March 7, 2014, then continued to May 2, 2014, June 6, 2014, and again continued to July 3, 2014. (See Doc. ## 116, 119, 122). The Debtor failed to attend the July 3, 2014 hearing, wherein counsel for the Bank of New York Mellon appeared and averred that a sheriff sale had been scheduled for the debtor's residence during the month of July, 2014. (See Doc. # 128). As such, the Court entered a Rule to Show Cause as to why the debtor's request to reopen the bankruptcy should not be granted, noting that "this Court may not have jurisdiction over this matter, pursuant to *res judicata* or the Rooker-Feldman doctrine." (See id.). The Rule to Show Cause Order also directed the Bank of New York Mellon to file all complaints, defenses, judgments, and dockets relevant to the Bank of New York Mellon's pending state court foreclosure action by July 9, 2014. (See id.).

On July 9, 2014, the Bank of New York Mellon filed a *Declaration re: Certification of Compliance with Court Order* with the state court foreclosure complaint, judgment, and docket attached. (See Doc. # 132). Such attachments evidence that the Bank of New York Mellon filed a *Complaint in Mortgage Foreclosure* against the Debtor pursuing foreclosure of the Debtor's Property on March 15, 2010, and that a *Judgment In Rem* (the "Judgment in Foreclosure") was entered in favor of the Bank of New York Mellon and against the Debtor "for want of an answer and for foreclosure and sale of the mortgaged premises" on May 7, 2010. (Doc. # 143, Attachment # 3, p. 1). No appeal was taken from the Judgment in Foreclosure. (See id.)

A hearing on the Rule to Show Cause was held on August 15, 2014. The matter is ripe for decision.

## II.

The Debtor wishes to reopen the bankruptcy case in order to continue pursuing legal action against the Bank of New York Mellon to challenge the state court Judgment in Foreclosure. Presumably, the Debtor seeks to reopen her case pursuant to 11 U.S.C. § 350(b), which permits a debtor to reopen the debtor's bankruptcy case in order to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The party moving to reopen the case has the burden of proof. In re Bellano, 456 B.R. 220, 221 (Bankr. E.D. Pa. 2011). The decision to reopen a case is within the sound discretion of the Court. Apex Oil Co. v. Sparks (In re Apex Oil Co.), 406 F.3d 538, 542 (8th Cir. 2005); Hawkins v. Landmark Fin. Co., 727 F.2d 324, 326 (4th Cir. 1984). In exercising its discretion, a bankruptcy court is to give consideration as to whether similar proceedings are pending in a state court and determine which forum is the most appropriate to adjudicate the issues raised by the motion to reopen. In re Lazy Days' RV Center, Inc., 724 F.3d 418, 423 (3d Cir. 2013) (citing In re Zinchiak, 406 F.3d 214, 225 (3d Cir. 2005)).

The reopening of a case is a ministerial act that does not have any substantive independent effect. In re Frazer/Exton Dev., L.P., 503 B.R. 620, 635 (Bankr. E.D. Pa. 2013). Rather, it provides a moving party with the opportunity to seek substantive relief. Id. (citing Horizon Aviation of Virginia, Inc. v. Alexander, 296 B.R. 380, 382 (E.D. Va. 2003)). The moving party must ordinarily demonstrate that there is a compelling cause. Horizon Aviation, 296 B.R. at 382. However, "a closed bankruptcy proceeding should not be reopened 'where it appears that to do so would be futile and a waste of judicial resources.'" Redmond v. Fifth Third Bank, 624 F.3d 793, 803 (7th

Cir. 2010) (citing In re Carberry, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995)) (internal citations omitted). In such an instance, no purpose would be served by reopening and, accordingly, there would be no cause to reopen.

In this case, the Debtor complains of matters related to her residential mortgage with the Bank of New York Mellon, and the Judgment in Foreclosure related to the same. As previously noted, according to the Debtor's own schedules, the Bank of New York Mellon obtained a Judgment in Foreclosure against the Debtor prior to the filing of this case. The Debtor appears to seek as relief the undoing of the Judgment in Foreclosure. Based on the state of the record in this case, there would be no purpose served in reopening the Debtor's case if doing so would not result in providing the Debtor the opportunity to relieve herself of the Judgment in Foreclosure. For the reasons more fully discussed below, it appears that the Debtor would not be entitled to the relief that is sought because the record reflects that the Debtor's claims are barred by both the Rooker-Feldman doctrine and the doctrine of res judicata. Accordingly, no purpose is served by reopening this case and the motion to re-open should be denied.

**III.**

The Court finds that reopening the Debtor's case would by futile here as this Court cannot provide the Debtor with the relief she seeks. This Court is barred from exercising what would in effect be appellate jurisdiction over the state court foreclosure action by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is a narrow, judicially created doctrine that prohibits a federal district court from exercising subject-matter jurisdiction over a case that is functionally equivalent to an appeal from a state-court judgment. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Dist. of Columbia Ct. of App. v. Feldman, 460 U.S.

462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

In Exxon Mobil, the Supreme Court held that the doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284, 125 S.Ct. 1517. The Third Circuit, analyzing the Exxon Mobil holding, articulated four requirements that must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (citing Exxon Mobil, 544 U.S. at 284, 125 S.Ct. 1517).

These four requirements have been met here: the Debtor lost in the state court action and complains of injuries caused by the Judgment in Foreclosure, the foreclosure judgment was rendered prior to the filing of the instant Motion, and the plaintiff is inviting this Court to reopen her case for the ultimate purpose of reviewing and rejecting the state court judgment. Thus, pursuant to the Rooker-Feldman doctrine, this Court is bound to honor the state court's disposition in the foreclosure matter.

Even if this Court could somehow review the judgment, the doctrine of res judicata, or claim preclusion, would further prevent such consideration. Res judicata bars a party from initiating a subsequent suit against the same adversary based on the same cause of action where: (1) a final judgment was entered on the merits in a prior suit; (2) both actions involve the same parties; and (3) the subsequent suit is

based on the same cause of action. Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010).

The purpose of res judicata is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). All three of the above-enumerated factors are present in this instance: the Judgment in Foreclosure was entered on May 7, 2010 in the Court of Common Pleas in Indiana County; the Debtor seeks to continue to pursue legal action against the Bank of New York Mellon; and the Debtor's Motion attempts to bring claims based on the same cause of action already decided in the state court proceedings. Thus, the Debtor's attempts to challenge the foreclosure are barred by the doctrine of res judicata.

The Court also notes that "efforts to invoke bankruptcy jurisdiction after a case is closed, or even as to property of the estate of a pending case after stay relief as to that property has been granted, must be viewed, at some point, as improperly extending bankruptcy jurisdiction beyond its intended scope." In re Ford, 188 B.R. 523, 525 (Bankr. E.D. Pa. 1995), aff'd 116 F.3d 467 (3d Cir. 1997). To continue to attempt to challenge the Judgment in Foreclosure is a request for an improper extension of bankruptcy jurisdiction. This Court's denial of the Debtor's Motion is warranted as reopening the case would not afford the Debtor with any relief.

**III.**

This Court concludes that the Debtor has failed to meet her burden of proof to reopen the case under 11 U.S.C. §350. There has been no showing that reopening the case would afford the Debtor any relief. Further, this Court is bound to honor the state court's disposition in the foreclosure matter pursuant to the doctrines of Rooker-

Feldman and res judicata, thus barring the Debtor's claims in that regard. As such, the Court finds that granting the Debtor's Letter request would be futile and a waste of judicial resources. The request is therefore denied. An Order consistent with this Memorandum Opinion will be entered.

Date:  August 28, 2014

_____  bwf
**JEFFERY A. DELLER**
Chief United States Bankruptcy Judge

CASE ADMINISTRATOR TO SERVE:

Amy B. Mahkovic
Ronda J. Winnecour, Esq.
Gregory Neugebauer, Esq.
Leslie J. Rase, Esq.

FILED
8/28/14 11:02 am
CLERK
U.S. BANKRUPTCY
COURT - PGH